Brinkerhoee, C.J.
On the 20th day of August, 1860, there was filed with the county auditor of Lorain county a petition, addressed to the county commissioners, praying the establishment, location, and construction of a ditch, drain, or water *65 course, adjacent to lands owned by them, in said county, in conformity to tbe provisions of the act of March 26,1859, “ to provide for locating, establishing, and constructing ditches, drains, and watercourses.” 4 Curwen’s Stat. 3206.
In the view which we take of this case, it is not necessary to enumerate the several steps taken by the county commissioners in their action on the petition. Suffice it to say, it appears from the record that such proceedings were thereupon had, ostensibly under the provisions of the statute above referred to, that on the second day of May, 1862, the construction of said ditch was let to' the lowest bidders; and that, at the session of the commissioners in September following, they proceeded to assess the amount necessary to pay for the construction of the ditch upon the proprietors of the lands adjacent thereto and adjudged to be benefited thereby, and caused the amount of such assessment to be placed upon the tax duplicate for collection — among which was the sum of $757.36 assessed against the defendant in error
Thereupon, on the 10th day of January, 1863, the defendant in error filed in the common pleas of Lorain county his petition against the plaintiff in error, treasurer of the county, setting forth that the proceedings of the'county commissioners, of the surveyor, and engineer to whom the petition for a ditch was referred for examination, survey, and report, of the probate judge in his inquest of damages claimed by defendant in error, were illegal in various and numerous particulars therein specified; and insisting that the acts of the commissioners in causing the ditch to be constructed and the assessment made were without authority of law and void, for the reason that the record of their proceedings does not affirmatively show that they found said ditch to be “ demanded by,, or conducive to, the public health, convenience, or welfare,” as required by the fourth section of the act above referred to. Among other things set forth in the petition of the defendant in error, he alleges, “ that said ditch so illegally located and: constructed, is about one mile in length, is from seven to twenty-four feet in width, and from two to ten feet in depths *66 That the whole length of said ditch, or nearly so, is located and constructed through plaintiff’s (defendant in error) land,” etc. And he concludes with a prayer for an injunction perpetually to restrain the plaintiff in error, as treasurer of the county, from the collection of said assessment. A preliminary injunction was allowed by a judge of the court of common pleas; and, on the hearing of the case in that court, the injunction was made perpetual. Whereupon the plaintiff in error appealed the case to the district court, where the case was tried, at the August term, 1863, and a decree was again entered perpetually enjoining the collection of said assessment. The plaintiff in error moved for a new trial, on the ground that the finding and decree of the court was against the evidence, which was overruled. An exception was entered to the overruling of that motion, and a bill of exceptions was taken and made a part of the record, embodying all the evidence in the case.
To reverse this decree of the district court, perpetually ■enjoining the collection of said assessment, this petition in •error is prosecuted in this court by the plaintiff in error, defendant below, and treasurer of said county.
We do not find it necessary to determine any one of the ■.many questions made and argued by counsel in the case as to :the legality or illegality of the proceedings by which this •ditch was established; because, if we take, for granted all that the plaintiff below claims in this respect, we are of opinion •that he does not make such a case as to entitle him to a remedy by injunction at the hands of a court of equity. It is not for every threatened violation of the legal rights of a party that a court of equity will intervene with its preventive remedy by injunction, even in cases where that remedy would be efficient. A party appealing to a court of equity must make a case which can commend itself to the conscience of the court. How is it with the case before us made by the .plaintiff below?
It is evident enough, that when the proceedings in the prosbate court, on inquiry of damages claimed by him, were ended, *67 the plaintiff below might have proceeded on error to test their legality, and, if erroneous, to reverse them. And when the final order establishing the ditch was made by the county commissioners, he might then have proceeded, on er-ror or by appeal, to question their power and jurisdiction, and to undo what may have been erroneously done. And these remedies, if they had beer resorted to, would have had these important recommendations — that whatever had been done erroneously or without authority of law, would have been set aside; officers would have been instructed as to their duties,and parties as to their rights; and proceedings, recommencing from the erroneous point of departure, would have been carried on in strict conformity.to law, with all just interests respected, and all rights conserved. But it does not appear that any resort was had to these remedies.
Again: when the different sections of this ditch were let to the lowest bidder, and when the first spade had been thrust into the earth in the execution of the contracts then made; before the contractors had expended any money, or the laborers any sweat, then, if ever, the remedy by injunction was open to the plaintiff below. But then he did not invoke it. It does not appear from the record that he ever warned the contractors or laborers that he intended for himself to resist the collection of the assessment which must follow to raise the money to pay them; but, remaining inactive and silent until Ms swamp lands were drained by a ditch of nearly a mile in length, he then, for the first time, asks the interposition of a court of equity. We think he comes too late. The case of Wiggin v. The Mayor, etc., of New York, 9 Paige, 24, was a case in which an injunction was sought to restrain a city corporation from che enforcement of an assessment levied to pay for the improvement of a street; and the remarks of Chancellor Walworth in that case are very pertinent, here. He says: “There is another substantial reason why this court should not interfere in this case by injunction to prevent the corporation from collecting the assessment, but should leave the complainant, if he has any, to his remedy at law. The pro *68 ceedings for the malting of the improvement were commenced nearly five years since, and the complainant had waited until the improvement had actually been completed several months before he-or his agent attempted to interfere. His property has received the full benefit that it could receive from the improvement; which benefit the commissioners have estimated at several thousand dollars. ... A court of equity, therefore, at this late day, will not interfere with its strong arm to cast the burden of the improvement from those who have been benefited thereby, and upon those who have not.”
And in Chapman Harkness v. The Mad River & L. E. R. R. Co., 6 Ohio St. Rep. 137-8, this court refused the remedy by injunction, on the ground of the unnecessary delay of the 'party seeking it until the expense of constructing the work complained of had been incurred.
It is true, there are several reported cases in this state in which officers have been enjoined against the collection of illegal assessments; but none of them are characterized by the circumstances which, in this case, impel us to refuse that remedy and to leave the plaintiff below to such remedy as ho may have at law.
The judgment of the district court'will be reversed; the preliminary injunction allowed by the judge of the court of common pleas will be dissolved, and the petition of the plaintiff below will be dismissed.
Scott, Ranney, Wilder.and White, JJ., concurred.